## In re OSHRY.

### No. 20574.

District Court, W. D. Pennsylvania.

Sept. 12, 1940.

Watson B. Adair, Referee, of Pittsburgh, Pa.

Louis Shapiro, receiver and trustee of estate of Frank Oshry, bankrupt.

Bernard Goodman, of Pittsburgh, Pa., for trustee and receiver.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for Andrew Jergens Co.

142

Benjamin E. Friedman, of Pittsburgh, Pa., for David J. Bonwit and Mrs. Sadye Berer.

GIBSON, District Judge.

On May 27, 1940, Frank Oshry filed a voluntary petition in Bankruptcy, and on the same day a Receiver was appointed.

On May 23, 1940, David J. Bonwit and Mrs. Sadye Berer caused judgments to be entered against Oshry and writs of fi. fa. to be issued to the Sheriff, who levied upon certain property, as that of the judgment debtor, in a warehouse. After the appointment of the Receiver in Bankruptcy the judgment creditors were enjoined from proceeding with the levies, and the Receiver took possession of the property, a quantity of soap, under the levy. Later the Andrew Jergens Company filed a petition in which it claimed such property and asked for an order upon the Receiver for the delivery of the same to it. The Referee, after hearing, ordered the Receiver to deliver the property to the claimant. The Receiver caused this order to be certified to this court for review, and the court, by Schoonmaker, D. J., affirmed the order of the Referee.

Prior to the decision of the Referee, the Receiver and the Jergens Company, with knowledge of the judgment creditors, agreed that the Receiver might proceed with the sale of the property involved, the claim to be transferred to the resulting fund. The sale followed this agreement. Upon approval of the Referee's order, this court ordered the fund turned over to the Jergens Company.

After this court affirmed the order of the Referee, the judgment creditors filed a petition in this court wherein they asserted a right on their part to proceed with their writs of execution in the Court of Common Pleas, and prayed for an order vacating the order of May 27, 1940, by which they were restrained from so proceeding.

When the temporary restraining order of May 27, 1940, became final, as it did, the goods levied upon as the property of the bankrupt came under the jurisdiction of this court, and the jurisdiction of the Court of Common Pleas over them ceased to exist. This court, having jurisdicton over, and possession of, the property in question, exercised that jurisdiction and determined the ownership of the property. Now the court is asked to vacate its original injunction in order that the levying creditors may attempt to litigate the very same matter which was litigated in this court in a court which now has neither jurisdiction over, nor possession of, the property upon which levy had been made.

To state the matter is to decide it. Jurisdiction is not to be passed back and forth in the manner contemplated by the petition.

Petition denied.